# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUKHWINDER SINGH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| -vs- | ) NO. CIV-26-0124-HE |
| | ) |
| MARY DE ANDA-YBARRA, et al., | ) |
| | ) |
| Respondents. | ) |

## ORDER

Petitioner Sukhwinder Singh (Singh), a citizen of India, was apprehended by United States Immigration and Customs Enforcement (ICE) officers on December 26, 2025. He is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma.

On January 26, 2026, counsel, on Singh's behalf, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging Singh's mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). He claims his detention violates the Immigration and Nationality Act and the Fifth Amendment due process clause. Petitioner asserts that 8 U.S.C. § 1226(a), which allows for conditional parole or bond, applies to him. The petition requests Singh's release from custody, or alternatively, a bond hearing pursuant § 1226(a). As directed, the federal respondents filed a response to the petition, and petitioner filed a reply. The court, upon review, concludes the petition should be granted in part.

According to the petition, Singh entered the United States on May 3, 2017, without admission or parole after inspection, to seek protection in the United States. A notice to appear, dated May 15, 2017, was issued by the Department of Homeland Security (DHS),

charging that Singh was subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States who has not been admitted or paroled. Singh was thereafter released on bond in the amount of $4,500.00. Subsequently, on January 16, 2019, Singh filed an application for asylum.

In their briefing, respondents acknowledge this court's ruling in Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641, **1-2 (W.D. Okla. Jan. 13, 2026), concluding § 1226(a) rather than § 1225(b)(2)(A) governed the petitioner's detention. However, respondents assert the facts in this case are distinguishable from Ramirez Rojas because Singh took affirmative steps to seek admission into the United States with his asylum application. They also rely upon contrary decisions by judges in this district, specifically, Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025), as well as the contrary decision of the Fifth Circuit Court of Appeals in Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-508 (5th Cir. 2026), to urge the denial of Singl's petition. Upon review, the court declines to reconsider its prior ruling. The conflicting decisions of the judges in this district and the 2-1 decision in Buenrostro-Mendez make clear that strong arguments support both statutory readings of the parties. However, the court remains persuaded that § 1226(a) governs and continues to follow similar rulings by the judges in this district[1] and the Seventh Circuit Court of Appeals in

---

[1] *See* Lopez v. Corecivic Cimmaron Correctional Facility, *Case No. CIV-25-1175-SLP, 2026 WL 165490, at **3-7 (W.D. Okla. Jan. 21, 2026);* Valdez v. Holt, *Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025);* Colin v. Holt, *Case No. CIV-25-1189-D, 2025 WL*

Castanon-Nava v. U.S. Department of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025).  And even though Singh filed an asylum application, the court has concluded that § 1225(b)(2)(A) still does not apply.  *See* Li v. Grant, CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026).

Because § 1226(a) governs petitioner's detention, the court concludes that he is entitled to an individualized bond hearing.  The court will therefore grant the habeas corpus petition in part[2] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days or otherwise release him if no hearing is held within that time.[3]

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**.  Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release petitioner if he has not received a lawful bond hearing within that period.

---

3645176, at *2 (W.D. Okla. Dec. 16, 2025), Escarcega v. Olson, Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025).

[2] *The court declines to decide the merits of petitioner's Fifth Amendment due process claim alleged in Count II of the habeas corpus petition in light of its ruling that § 1226(a) governs petitioner's detention.*

[3] *In their briefing, respondents suggest Singh has not properly invoked the court's jurisdiction because he relies upon 28 U.S.C. § 2241(c)(5) in support of jurisdiction for habeas relief. However, it is clear to the court the § 2241(c)(5) citation is a clerical error and deems the petition amended to rely upon 28 U.S.C. § 2241(c)(3) as support of such jurisdiction.*

*Additionally, in their briefing, respondents raise a jurisdictional argument not specifically addressed in Rameriz Rojas – the court lacks jurisdiction to consider petitioner's statutory argument because 8 U.S.C. § 1225(a)(5) and 1252(b)(9) channel claims related to removal orders to the appropriate court of appeals.  For the same reasons stated in Perez v. Grant, Case No. CIV-25-1560-R, 2026 WL 315065, at *1 (W.D. Okla. Feb. 5, 2026), the court rejects that argument.*

3

Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 2nd day of March, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE